UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| JOETTE ZIARKO, | )<br>) |
| Plaintiff, | ) Civil No. 10-153-ART<br>) |
| v. | )<br>) **MEMORANDUM OPINION** |
| CRAWFORD LAW OFFICES, PLLC, et al., | ) **& ORDER**<br>)<br>) |
| Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

As the plaintiff clearly—and correctly—put it in the first line of her brief, "[t]he confusing and contradictory evidence in this case screams for investigation." R. 8 at 1. In other words, there are genuine issues of material fact that prevent the Court from determining that the defendants are entitled to judgment as a matter of law. Accordingly, the defendants' motion to dismiss, R. 6, is denied.

## BACKGROUND

The plaintiff, Joette Ziarko, was injured in a car accident in Whitley County, Kentucky. She hired an attorney, Timothy Crawford, and the Crawford Law Offices to sue the other driver, Christopher Wilkes. Crawford filed a lawsuit against Wilkes on Ziarko's behalf in the Whitley Circuit Court on July 1, 2004. Mary Vicini, a paralegal at the Crawford Law Offices, worked on Ziarko's case and communicated with Ziarko. Apparently, somebody dropped the ball. After some initial filings and discovery, the case against Wilkes languished in a period of inactivity for more than three years. On December 5, 2008, the Whitley Circuit Court dismissed the case for

lack of prosecution. Ziarko did not learn that her case had been dismissed until a year later. She filed a motion to reinstate her case on December 28, 2009. The Whitley Circuit Court denied that motion on May 5, 2010. Ziarko then filed this action for legal malpractice, negligence, and fraud against Crawford, Vicini, and the Crawford Law Offices. The defendants filed a motion to dismiss, R. 6, to which Ziarko filed a response, R. 8.

## DISCUSSION

The defendants styled their motion as a motion to dismiss. But the motion relies on evidence outside the pleadings, including letters that Crawford purportedly sent to Ziarko and an order purportedly entered by the Whitley Circuit Court. R. 6, Attach. 3, 4, 6. Therefore, the Court must deem the defendants' motion to be a motion for summary judgment. Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *see Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503-04 (6th Cir. 2006).

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must view the evidence in the light most favorable to the non-moving party. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 140 (6th Cir. 1997). If there are "disputes over facts that might affect the outcome of the suit under the governing law," summary judgment is precluded. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In this case, there are genuine issues of material

fact and the defendants have not shown that they are entitled to judgment as a matter of law. Accordingly, their motion must be denied.

The defendants' first argument is that Kentucky's one-year statute of limitations bars Ziarko's claims. Under Ky. Rev. Stat. § 413.245, "a civil action . . . arising out of any act or omission in rendering, or failing to render, professional services for others shall be brought within one (1) year from the date of the occurrence or from the date when the cause of action was, or reasonably should have been, discovered by the party injured." The defendants argue that Ziarko's cause of action accrued, and the statute began running, when Crawford withdrew as her attorney pursuant to court order on May 28, 2008. The defendants submitted a copy of a motion to withdraw that Crawford purportedly filed in the Whitley Circuit Court on May 8, 2008, R. 6, Attach. 2, a copy of an order from the Whitley Circuit Court granting that motion on May 28, 2008, R. 6, Attach. 3, and a copy of a letter that Crawford purportedly sent to Ziarko on June 8, 2008, confirming a telephone conversation that Ziarko supposedly had with Vicini concerning the withdrawal, R. 6, Attach. 4.

But there is a problem. Crawford's motion does not appear on the Whitley Circuit Court's docket sheet. R. 8, Attach. 2. Ziarko says that she never received notice of Crawford's withdrawal, R. 8, Attach. 4, and the defense counsel in the underlying case say that they never received it either, R. 8, Attach. 11. Indeed, in her affidavit, Ziarko says that she spoke with Crawford and Vicini in the months *after* Crawford purportedly withdrew and they assured her that her case was moving forward. R. 8, Attach. 4. Ziarko claims that she did not learn that her case had been dismissed until December 18, 2009. *Id.* Viewing the evidence in the light most

3

favorable to Ziarko, as the Court must, a reasonable factfinder could conclude either that Crawford did not actually withdraw as Ziarko's attorney, or at least that he did not communicate his withdrawal to Ziarko, and that Ziarko did not discover her cause of action until December 18, 2009. This would render her suit, which she filed on June 2, 2010, timely. *See Pedigo v. Breen*, 169 S.W.3d 831, 833 (Ky. 2004). Therefore, because there is a genuine issue of material fact as to when Ziarko discovered her cause of action, summary judgment on the statute of limitations ground is not appropriate.

The defendants next argue that Ziarko failed to state a claim against Vicini, who is a paralegal, not a lawyer. It may be true that Ziarko is precluded from suing Vicini for legal malpractice, but Ziarko has asserted claims against Vicini for garden-variety negligence and fraud. But wait, say the defendants. Before there can be negligence there must be a duty. And Vicini did not owe a duty to Ziarko because, according to the defendants, paralegals do not owe duties to the clients of the lawyers who employ them. The defendants do not cite to any Kentucky case establishing this "paralegal exception" to the general "duty of reasonable care which is owed by each of us to everyone else." *Grayson Fraternal Order of Eagles, Aerie No. 3738, Inc. v. Claywell*, 736 S.W.2d 328, 333-34 (Ky. 1987). Instead, the defendants ask the Court to fashion a paralegal exception out of whole cloth, relying on public policy. That is not this Court's role. And even if it were, the defendants have not identified what, exactly, is so sacrosanct about a paralegal's position that warrants a reprieve from the usual rule that everyone owes a duty of reasonable care to everyone else. Because the defendants have not established immunity of any

4

sort for Vicini, Ziarko has stated a claim against her for both negligence and fraud. The defendants' motion for summary judgment must be denied on this ground as well.

The defendants next argue that Ziarko has failed to state a claim against Crawford and the Crawford Law Offices. This argument appears to rest solely on the defendants' contention that Ziarko failed to take any action to further her case after being informed in May 2008 that Crawford had withdrawn as her attorney. But, as explained above, there is a genuine issue of material fact as to whether Crawford actually withdrew and whether he informed Ziarko of his withdrawal. Therefore, this argument fails as well.

The defendants' next argument is cryptically short. They claim that Ziarko did not comply with Ky. Rev. Stat. § 411.188, which requires plaintiffs in civil actions to notify other parties who may hold subrogation rights and file a certified list of the parties so notified with the court. The defendants say that Ziarko did not file a certified list. But so what? Setting aside the issue of whether § 411.188 even applies to this suit under *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938), the defendants do not explain who the possible parties with subrogation rights might be, nor do they provide any authority establishing the appropriate remedy for a party's failure to comply with § 411.188. "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990). This argument also fails.

Finally, the defendants claim that the Court lacks diversity jurisdiction over Ziarko's lawsuit because she only alleged the residency of the parties in her complaint, not their citizenship. This argument is now moot. The Court granted Ziarko's unopposed motion to

amend her complaint, R. 9, and the amended complaint now appropriately alleges that Ziarko is a citizen of Indiana and the defendants are citizens of Kentucky. R. 11.

## CONCLUSION

For these reasons, the defendants' motion to dismiss, R. 6, is **DENIED**.

This the 6th day of December 2010.

Signed By:
*Amul R. Thapar* AT
United States District Judge